98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon Wayne PATTERSON, Defendant-Appellant.
 No. 95-30302.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1996.
Decided Oct. 10, 1996.
As Amended on Denial of Rehearing Nov. 8, 1996.
 
 Before: ALDISERT,* PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Vernon Wayne Patterson appeals the 188-month sentence imposed on him by the district court under U.S.S.G. § 5G1.3(a). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.
 
 BACKGROUND
 
 3
 On February 15, 1995, while on pre-parole release from two federal bank robbery sentences, Vernon Wayne Patterson robbed the East Morrison Branch of the Key Bank of Oregon. On March 1, 1995, a federal grand jury indicted Patterson on one count of unarmed bank robbery. While awaiting trial on that charge, Patterson and another inmate at the Multnomah County Detention Center attacked a jail guard in an unsuccessful attempt to escape. As a result, a state grand jury indicted Patterson on numerous charges related to that incident.
 
 
 4
 On April 24, 1995, Patterson entered a guilty plea to the federal grand jury indictment for unarmed bank robbery. On July 11, 1995, Patterson pleaded guilty in state court to the charges related to his unsuccessful escape and the court sentenced him to 138 months imprisonment to run consecutively to Patterson's prior federal bank robbery sentences.
 
 
 5
 On July 31, 1995, the district court held a sentencing hearing. At that hearing, the court initially pronounced a sentence of 262 months imprisonment. Upon hearing defense counsel's objections to this sentence, the court asked the probation officer to explain the sentence calculation. Upon hearing the explanation and counsel's objections, the district court granted the parties additional time to respond to its decision. The court then adjourned the sentencing hearing until August 28, 1995.
 
 
 6
 At the subsequent sentencing hearing, the district court adopted the probation office's presentence report and its conclusion that U.S.S.G. § 5G1.3(a) controlled sentencing. The court made no findings with respect to an enhancement of Patterson's base offense level due to his escape attempt.
 
 
 7
 The district court subsequently sentenced Patterson to 188 months imprisonment to run consecutively to his two prior federal bank robbery sentences, and consecutively to Paterson's 138-month state sentence "if the Court has the authority to do so." Patterson now appeals.
 
 ANALYSIS
 
 8
 We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. George, 56 F.3d 1078, 1084 (9th Cir.), cert. denied, 116 S.Ct. 351 (1995).
 
 
 9
 The district court sentenced Patterson under U.S.S.G. § 5G1.3(a). However, the district court should impose sentence under this section only "[i]f the instant offense was committed while the defendant was serving a term of imprisonment." U.S.S.G. § 5G1.3(a) (emphasis added).
 
 
 10
 Because Patterson necessarily committed "the instant offense"--the bank robbery--before his attempted escape, § 5G1.3(a), by its plain language, is inapplicable. Patterson did not commit the bank robbery while serving a term of imprisonment for the attempted escape. Because the district court erred in sentencing Patterson under § 5G1.3(a), we vacate and remand for resentencing.
 
 
 11
 On remand, should the district court fully take into account Patterson's escape attempt when determining his offense level under the Guidelines, it must sentence Patterson under § 5G1.3(b). However, should the district court fail to fully take into account Patterson's escape attempt in setting the offense level, it must sentence Patterson under § 5G1.3(c).
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3